IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-75-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEVIN BROWN, )<br>)<br>Defendant. ) | **ORDER** |

On January 22, 2013, pursuant to a written plea agreement, Kevin Brown ("Brown") pleaded guilty to conspiracy to possess with the intent to distribute and distribute 28 grams or more of cocaine base (crack). See [D.E. 1, 50, 51]. On June 21, 2013, the court held Brown's sentencing hearing. See [D.E. 59, 60]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 23, his criminal history category to be VI, and his advisory guideline range to be 92 to 115 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 92 months' imprisonment. See id.; [D.E. 60]. Brown did not appeal.

On March 19, 2015, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 63]. On November 3, 2015, Brown filed a memorandum of law in support of his motion for a sentence reduction [D.E. 65]. Brown's new advisory guideline range is 77 to 96 months' imprisonment, based on a total offense level of 21 and a criminal history category of VI. See Resentencing Report. Brown requests a 77-month sentence. See id.; [D.E. 65] 1, 8.

The court has discretion to reduce Brown's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR ¶¶ 6–9. Moreover, Brown is a recidivist and has convictions for resisting a public officer, possession with intent to sell or deliver marijuana, manufacturing marijuana, maintaining a vehicle, dwelling, or place for a controlled substance, accessory after the fact of robbery with a dangerous weapon, possession with intent to sell or deliver cocaine, and selling or delivering cocaine. See PSR ¶¶ 16–21. Brown also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 14–17, 38. Nonetheless, Brown has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brown's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brown's motion for reduction of sentence [D.E. 63].

SO ORDERED. This 22 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge

3